UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**CERTAIN SYNDICATE SUBSCRIBERS
TO THE DOWN SIDE**, *et al.*,

        Plaintiffs,

**vs.**                                                                                                **CIV 08-220 MCA/DJS**

**LASKO PRODUCTS, INC.**, *et al.*,

        Defendants.

**ORDER**

**THIS MATTER** comes before the Court upon Defendant's Motion to Compel filed November 25, 2008 (Docket No. 55). Briefing appears to have been completed on December 24, 2008 although Defendants have not filed a Notice of Completion of Briefing in accordance with D.N.M.LR-Civ. 7.4(a). By this motion, Defendant seeks an order compelling Plaintiffs to supplement their discovery responses and produce additional documents.

This case in a suit for damages arising from a fire within a stallion barn on June 6, 2006 in Hondo, New Mexico. A number of stallions died in the fire. Plaintiffs are individuals with ownership interests in breeding stallions, individuals who owned the barn which burned, and insuring subrogees of certain stallion subscribers and owners. Plaintiffs assert that the fire was caused by an electrical failure and/or a defect in the motor of an electric fan manufactured by Defendant Lasko Products, Inc., and used in the barn. Plaintiffs assert claims for products liability, breach of implied warranty of merchantability, and negligence. Defendant denies Plaintiff's claims.

**Defendant's Interrogatory No. 1 and No. 3**

Defendant's Interrogatory No. 1 requests that Plaintiffs identify the persons participating in answering interrogatories or contributing information to assist in answering interrogatories, including name, address, telephone number, and position. Plaintiffs responded that "Plaintiffs are responding to these interrogatories with the assistance of counsel." Defendant's Interrogatory No. 3 requests that Plaintiffs identify the specific Plaintiff possessing responsive information. Plaintiffs object that the request exceeds the scope of permissible discovery and invades the attorney/client privilege and work product doctrine. Defendants argue that the interrogatories only seek the identification of Plaintiffs seeking responsive information and requests that the Court require Plaintiffs to supplement their response to identify the specific Plaintiffs that provided responsive information to various interrogatories.

First, the Court notes that the claim of work product doctrine is an inappropriate response to an interrogatory seeking an answer or a description of documents, rather than documents themselves, and is similarly inapplicable to an interrogatory seeking the identity of persons providing discovery responses. See Mackey v. IBP, Inc., 167 F.R.D.186, 200-201 (D.Kan. 1996).  Further, a party claiming the attorney-client privilege must prove its applicability and must bear that burden as to specific requests or documents, not by making a blanket claim. In re Foster, 188 F.3d 1259, 1264 (10th Cir. 1999). Plaintiffs have not met their burdens. The Court finds that Defendant's argument is well taken and that their motion to compel should be granted with respect to this request.

**Defendant's Interrogatory No. 48**

Defendant's Interrogatory No. 48 requests that Plaintiffs identify every electrical device being used in the stallion barn on June 6, 2006 and also identify the location and power source of

2

each device. Plaintiffs objected that the interrogatory is overly broad and unduly burdensome and also on the ground that Defendant had an equal opportunity to document the fire scene and examine the evidence. Plaintiffs also provided a diagram showing the location of the fans, the automatic horse waterers, and the light fixtures in the barns. In their response to the motion to compel, Plaintiffs state that they believe that the remnants of every electrical device from the barn were among the evidence removed from it and placed in a storage facility and that, upon information and belief, no other electrical devices were in the barn. Defendant requests that Plaintiffs provide whatever information they possess without objection. The Court finds that Plaintiffs' response to the interrogatory are sufficient and will deny Defendant's motion to compel with respect to this interrogatory.

**Defendant's Interrogatory No. 50, 51 and 52**

Defendant's Interrogatory No. 50 requests that Plaintiffs identify all persons or entities responsible for the installation of electrical equipment or wiring in the stallion barn. Defendant's Interrogatory No. 51 requests that Plaintiffs identify all persons or entities responsible for the maintenance of electrical equipment or wiring in the stallion barn. Defendant's Interrogatory No. 52 requests that Plaintiffs describe all electrical problems or failures experienced in the stallion barn prior to June 6, 2006. Plaintiffs responded to each interrogatory but also objected to each interrogatory on the ground that it is not limited in time or scope, explaining in their response to the motion to compel that the barn was constructed over twenty years ago and that they had provided Defendants with all responsive information. Defendant asserts that Plaintiffs should be compelled to answer with whatever information they possess and do so without objection. Given that Plaintiffs have affirmed that they have provided all information they possess, Defendant's motion to compel will be denied with respect to these interrogatories.

**Defendant's Interrogatory No. 62-66**

Defendant's Interrogatory No. 62 requests that Plaintiffs identify the facts they currently believe support their contention that the subject fans were defective without referring to the allegations in their complaint. Defendant's Interrogatory No. 63 requests that Plaintiffs identify the facts they currently believe support their contention that Defendant was negligent in its design, manufacture, or distribution of the fans. Defendant's Interrogatory No. 64 requests that Plaintiffs identify the facts they currently believe support their contention that the subject fans did not have adequate warnings. Defendant's Interrogatory No. 65 requests that Plaintiffs identify the facts they currently believe support their contention that the fans caused the fire. Defendant's Interrogatory No. 66 requests that Plaintiffs identify the component of the subject fans that they believe failed. Plaintiffs objected that each interrogatory is premature as discovery is not complete and the interrogatories seek expert opinion testimony. Plaintiffs further state that they would supplement their response in accordance with the scheduling order. In support of its motion to compel, Defendant replies that the deadline for expert disclosure has passed and requests that the Court require Plaintiffs to provide complete responsive information. The Court finds that Defendant's motion is well taken with regard to these interrogatories and will require Plaintiffs to supplement their responses to them.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is granted in part and denied in part. Plaintiffs shall provide amended responses as described above within fourteen days of the entry of this order.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**