## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CERTAIN SYNDICATE SUBSCRIBERS
TO THE DOWN SIDE, *et al.*,

        Plaintiffs,

vs.                                                                                          CIV 08-220 MCA/DJS

LASKO PRODUCTS, INC., *et al.*,

        Defendants.

## ORDER

**THIS MATTER** comes before the Court upon Intervenors' Tentative Motion to Compel(Docket No. 92) and  Intervenors' Supplemental Motion to Compel (Docket No. 104). Notice of completion of briefing of the Supplemental Motion to Compel was filed on July 17, 2009 (Docket No. 147).

This case in a suit for damages arising from a fire within a stallion barn on June 6, 2006 in Hondo, New Mexico. A number of stallions died in the fire. Plaintiffs are individuals with ownership interests in breeding stallions, individuals who owned the barn which burned, and insuring subrogees of certain stallion subscribers and owners. Plaintiffs assert that the fire was caused by an electrical failure and/or a defect in the motor of an electric fan manufactured by Defendant Lasko Products, Inc., and used in the barn. Plaintiffs assert claims for products liability, breach of implied warranty of merchantability, and negligence. Intervenors all either owned interests in horses that perished in the subject fire or had an interest as stallion managers of the horses. Defendant denies Plaintiff's claims. Intervenors assert that they lost horses and other property in the fire as well.

**Intervenors' Tentative Motion to Compel**

The Court finds that Intervenors' Tentative Motion to Compel (Docket No. 92) is moot. By that motion, Intervenors state that the parties had come to an agreement for an extension of time for Defendant to respond to their second requests for production and that the motion was filed to preserve their position in the face of an impending deadline, which was subject to a motion to extend (later granted). Intervenors' Supplemental Motion to Compel also addresses Defendant's response to Intervenors' second request for production of documents. Under these circumstances, the motion shall be denied as moot.

**Intervenors' Supplemental Motion to Compel**

By this motions Intervenors seek to compel further responses to their Second Request for Production of Documents, specifically Requests Nos. 1, 2, 3, 4, 5, 6, 8, and 9.  Initially, Intervenors request that the Court strike Defendants' general objections. Defendant asserts that its general objections are appropriate to preserve against any assertion that such objections had been waived and contend that there is no basis for concern that they may be withholding documents based on the assertion of their general objections. However, a general objection asserted "to the extent it may apply to a particular request for discovery" and unaccompanied by a meaningful effort to apply the objection to a particular discovery request is tantamount to asserting no objection at all. Sonnino v. Univ. of Kansas Hosp. Authority, 221 F.R.D. 661, 666-67 (D.Kan. 2004); see also Mancia v. Mayflower Textile Services Co., 253 F.R.D. 354, 359 (D.Md. 2008)("[B]oth Rule 33 and 34 responses must state objections with particularity, on pain of waiver.").

**Request for Production No. 1**

Intervenor's Request for Production No. 1 seeks all documents relating to Lasko's

2

reporting to the Consumer Product Safety Commission of fans overheating, smoking, melting, or

catching fire between November 2002 and September 2005. Defendant objected that the request

is overbroad, unduly burdensome, vague, and unlikely to lead to the discovery of admissible

evidence. Defendant also objected that its direct communications with the CPSC are protected

by confidentiality provisions of the Consumer Product Safety Act and regulations. Defendant

also states that it has provided various responsive documents, including a preliminary and full

report it made to the CPSC in 2005. In its Response to the motion to compel, Defendant further

indicates in a footnote that it seeks to incorporate objections made it its response to Plaintiff's

motion to compel and objects to production on the basis of statutory and regulatory protection,

self-critical analysis protection, and work product protection. Because none of the objections

listed in the footnote were propounded in Defendant's response to the request for production, but

were only raised for the first time in its response to Intervenor's motion to compel, they are

waived. In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 351, 365-66 (N.D.Ill. 2005);

Contracom Commodity Trading Co. V. Seaboard Corp., 189 F.R.D. 655, 662 (D.Kan. 1999).

        Defendant has not met its burden of demonstrating that providing the documents sought

would be unduly burdensome or that the request is overbroad."In making a decision regarding

burdensomeness, a court should balance the burden on the interrogated party against the benefit

to the discovering party of having the information." Hoffman v. United Telecommunications,

Inc., 117 F.R.D. 436, 438 (D.Kan.1987). Here, aside from noting the documents already

provided to Intervenors, Defendant has not provided the Court with more than a mere assertion

of burden. See Snowden v. Connaught Lab., 137 F.R.D. 325, 332 (D.Kan.1991) ("Once a party

has requested discovery, the burden is on the party objecting to show that responding to the

discovery is unduly burdensome."). Accordingly, the Court will require Defendant to produce all

documents responsive to Intervenor's Request for Production No. 1 which it has not already provided.

**Intervenor's Request for Production No. 2**

Intervenor's Request for Production No. 2 seeks all documents relating to Lasko's January 2009 settlement with the CPSC. Defendant objected that the request is overbroad, unduly burdensome, vague, and unlikely to lead to the discovery of admissible evidence. Defendant also objected on the ground that its direct communications with the CPSC are protected by confidentiality provisions of the Consumer Product Safety Act and that communications leading up to the settlement constitute attorney work-product. Defendant noted that the settlement agreement itself is of public record.

The Court finds that with respect to this discovery request Defendant's objections on the grounds of the work-product doctrine and the confidentiality provision of the Consumer Product Safety Act are well taken. Intervenors argue that any claim of work-product is a conditional claim and should be overcome by their compelling need to obtain these documents. However, their bare assertion of need is insufficient to support the argument. "All documents" relating to the settlement encompass more than communications between Defendant and the CPSC, but would also include attorney memos regarding settlement and drafts of settlement proposals, either of which examples falls near the heart of the protection of the work-product doctrine. Defendant is still obligated to provide any documents not subject to those protections and, as with Intervenor's Request for Production No. 1, they have not supported their claims of burdensomeness or overbreadth. Accordingly, the Court will grant Intervenor's motion to compel in part with respect to this request and require Defendant to produce any responsive documents which do not constitute attorney-work product and which are not direct

communications protected by the Consumer Product Safety Act.

**Intervenor's Request for Production No. 3**

Intervenor's Request for Production No. 3 seeks all communications between Lasko and

the CPSC regarding allegations that Lasko failed to timely report incidents of its fans

overheating, smoking, melting, or catching fire. As with the previous discovery request,

Defendant objected that the request is overbroad, unduly burdensome, vague, and unlikely to

lead to the discovery of admissible evidence. Defendant also objected on the ground that its

direct communications with the CPSC are protected by confidentiality provisions of the

Consumer Product Safety Act and that communications leading up to the settlement constitute

attorney work-product. Defendant noted that the settlement agreement itself is of public record.

The Court reaches the same conclusion it did with respect to Intervenor's Request for Production

No. 2 and will require Defendant to produce any documents responsive to Intervenor's Request

for Production No. 3 which do not constitute attorney-work product and which are not direct

communications protected by the Consumer Product Safety Act.

**Intervenor's Request for Production No. 4**

Intervenor's Request for Production No. 4 seeks all documents relating to Lasko's

reporting to the Consumer Product Safety Commission of fans overheating, smoking, melting, or

catching fire from January 2001 to the present. Defendant objected that the request is overbroad,

unduly burdensome, vague, and unlikely to lead to the discovery of admissible evidence.

Defendant also objected on the ground that its direct communications with the CPSC are

protected by confidentiality provisions of the Consumer Product Safety. Defendant noted that it

had provided claims files it provided to the CPSC in association with its preliminary and full

report to that body and asserts that any incident information it provided to the CPSC after the fire

is irrelevant given that its voluntary recall admits to the potential product failure mode described in the report.  This request is largely duplicative of Intervenors' Request for Production No. 1, although greater in scope. The Court finds that Defendant's assertion that incident information after the fire at issue is irrelevant is not well taken, as later incidents might involve other potential product failure modes. However, Defendant also argues that reports of consumer fan fires it receives from the CPSC have identifying information redacted and it does not maintain them according to the type of claim and that it would be an undue burden to search the documents to single out those related to fan fires. While these arguments lend substance to Defendant's claim that responding to the request would constitute and undue burden, Defendant offers no idea of the number of reports it has received over the relevant time period or the size of those documents. Accordingly, the assertion of burdensomeness is unsupported. In light of these facts, the Court will grant the motion to compel with respect to Intervenor's Request for Production No. 4 and require Defendant to provide those responsive documents not already produced.

**Intervenor's Request for Production No. 5**

Intervenor's Request for Production No. 5 seeks all communications with the CPSC concerning Lasko electric fan model 3723 from January 1, 2001 to the present. Defendant objected that the request is overbroad, unduly burdensome, vague, and unlikely to lead to the discovery of admissible evidence. Defendant also objected on the ground that its direct communications with the CPSC are protected by confidentiality provisions of the Consumer Product Safety Act. Defendant noted that it had provided preliminary and full reports that it filed with the CPSC and asserts that any incident information it provided to the CPSC after the fire is irrelevant given that it's voluntary recall admits to the potential product failure mode described

6

in the report. Defendant does not indicate whether it had other communications with the CPSC

other than its preliminary report and its full report regarding that model of electric fan or what

those communications might involve. Further, its unsupported allegations of overbreadth and

burdensomeness are not well taken, as the discovery request is limited solely to communications

made with respect to one model of fan. To the extent that Defendant objected that the phrase "all

communications" is particularly broad and undefined, the Court notes that in responding to

discovery requests, a responding party is obligated "to put the collective heads of its lawyers and

agents together, ... to give those requests a reasonable construction".  Adolph Coors Co. v.

American Insurance Co., 164 F.R.D. 507, 518 (D.Colo.1993). In light of the foregoing, the Court

will therefore grant Intervenors' Motion to Compel with respect to their Request for Production

No. 5.

**Intervenor's Request for Production No. 6**

Intervenor's Request for Production No. 6 seeks all documents gathered by Lasko during

its investigation of reports of Lasko portable fans overheating, smoking, melting or catching fire

between January 2001 to present. Defendant objected that the request is overbroad, unduly

burdensome, vague, and unlikely to lead to the discovery of admissible evidence. Defendant also

objected on the ground that its direct communications with the CPSC are protected by

confidentiality provisions of the Consumer Product Safety Act. Defendant noted that it had

provided claims files it provided to the CPSC in association with the preliminary and full reports

that it filed with that body and asserts that any incident information it provided to the CPSC after

the fire is irrelevant given that it's voluntary recall admits to the potential product failure mode

described in the report. In this instance, the Court agrees that the discovery request is overbroad,

as it is not limited to fans similar to those at issue in this case. Given the Court's rulings with

respect to Intervenors' other discovery requests and the facially overbroad nature of this request for documents, Intervenors' motion to compel will be denied with respect to it.

### Intervenor's Request for Production No. 8

Intervenor's Request for Production No. 8 seeks all documents relating to any investigation by Lasko, its component parts manufacturers, or its agents concerning internal shorts in the motor windings of Lasko fans. Defendant objected that the request is overbroad, unduly burdensome, vague, and unlikely to lead to the discovery of admissible evidence. Defendant also objected that the phrase "all documents relating to any investigation" is particularly broad and undefined and stated that it would produce its preliminary and full reports to the CPSC. The Court finds that the request is overbroad as it is not limited in time and is not limited to motor windings of the type of fan at issue in this case. Accordingly, Intervenors' motion to compel will be denied with respect to Request for Production No. 8.

### Intervenor's Request for Production No. 9

Intervenor's Request for Production No. 9 seeks any and all reports Lasko filed with the CPSC concerning or relating to Lasko electric fan model 3723 from January 2001 to present. Defendant objected that the request is overbroad, unduly burdensome, vague, and unlikely to lead to the discovery of admissible evidence. Defendant also objected on the ground that its direct communications with the CPSC are protected by confidentiality provisions of the Consumer Product Safety Act. Defendant noted that its reporting to the CPSC consisted of the July 13, 2005 preliminary report and September 2, 2005 full report which it would provide. Given that response, there is nothing more for the Court to compel. Accordingly, Intervenors' motion to compel will be denied with respect to Request for Production No. 9.

**IT IS THEREFORE ORDERED** that Intervenors' Tentative Motion to Compel(Docket No. 92) is denied as moot.

**IT IS FURTHER ORDERED** that Intervenors' Supplemental Motion to Compel (Docket No. 104) is granted in part and denied in part. Defendants shall provide further responses to Intervenors' Second Request for Production of Documents as described in this Order within fourteen days.

_____

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**