# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CERTAIN SYNDICATE SUBSCRIBERS
TO THE DOWN SIDE, *et al.*,

       Plaintiffs,

vs.                                                                      CIV 08-220 MCA/DJS

LASKO PRODUCTS, INC., *et al.*,

       Defendants.

## <u>ORDER</u>

**THIS MATTER** comes before the Court upon Plaintiffs' Emergency Motion to Compel filed October 7, 2009 (Docket No. 171). Briefing was complete on that motion as of October 26, 2009 (Docket No. 189). By this motion, Plaintiffs assert that Defendant failed to produce relevant documents and items pursuant to their discovery requests and seeks an order compelling Defendant to produce documents and photographs relating to an examination and testing of fans produced in another litigation as well as thirteen fans in possession of Defendant's expert witness, Don Hoffman, and eleven fans that were produced in a third litigation in Philadelphia, Pennsylvania.

       This case in a suit for damages arising from a fire within a stallion barn on June 6, 2006 in Hondo, New Mexico. A number of stallions died in the fire. Plaintiffs are individuals with ownership interests in breeding stallions, individuals who owned the barn which burned, and insuring subrogees of certain stallion subscribers and owners. Plaintiffs assert that the fire was caused by an electrical failure and/or a defect in the motor of an electric fan manufactured by Defendant Lasko Products, Inc., and used in the barn. Plaintiffs assert claims for products

1

liability, breach of implied warranty of merchantability, and negligence. Defendant denies Plaintiff's claims.

Defendant opposes the instant motion, asserting that it is untimely. Defendant also contests Plaintiffs' characterization of the fans it seeks production of, asserting that the fans produced in other litigation are not "exemplar fans", but remains of fans from claims against it that were made after the events in this case. Plaintiffs argue that they are entitled to inspect, obtain, and rely upon similar fans manufactured by Defendant to the fans at issue in this case.

In their motion, Plaintiffs note that their Request for Production No. 3 sought "an examplar fan" and, on January 22, 2009, Defendant represented that there were no exemplars of its Model 3723 from the same year as the fans that are the subject of this suit. Plaintiffs state that they learned in April, 2009 that Defendant had eleven exemplar fans, revealed in litigation from Philadelphia styled "Loretta Foster Thompson, *et al.* v. Lasko". Plaintiffs further point to the deposition of Don Hoffman, an expert witness retained by Defendants, wherein on April 24, 2009 he testified that he had in his possession exemplar fans.

The Court agrees that the instant motion is untimely. Discovery in this matter closed May 27, 2009. Order filed April 29, 2009 (Docket No. 94). Pretrial motions were due by June 11, 2009. Id. Discovery motions were to be filed by April 27, 2009. Order filed September 15, 2008 (Docket No. 33).  On April 7, 2009, Plaintiffs filed a "Supplemental Motion to Compel" (Docket No. 80). That motion sought, among other things, "access to all remaining documents, photographs, and fans which are in possession of Lasko". Plaintiffs' Supplemental Motion to Compel, Docket No. 80, p. 4). That motion was filed before Plaintiffs discovered the existence of these additional fans. However, the motion was not briefed and, on July 23, 2009, the Court entered an Order (Docket No. 150) deferring ruling on the motion, directing Defendant to file a

2

response within ten days and Plaintiffs to file a reply in support of the motion and a certificate of completion of briefing within five days after that. Defendants filed a response on August 12, 2009, asserting that the supplemental motion to compel was moot (Docket No. 161). Plaintiffs never filed a reply or notice of completion of briefing, which would have been due on August 17, 2009, leading the Court to deny the supplemental motion to compel on October 9, 2009 (Docket No. 174). Instead, they filed the instant "emergency motion".

Given Plaintiffs' knowledge of the existence of the additional fans, whether exemplars, similar models, or items otherwise discoverable in April, 2009, their failure to seek to compel the production of the items until months after the time for filing discovery motions or even in a timely reply in support of their supplemental motion to compel renders the instant motion untimely. As such, it will be denied. See Sherwood v. Panhandle Easter Pipe Line Co., 145 F.3d 1346 (10th Cir., May 14, 1998)(unpublished disposition) (No abuse of discretion to refuse discovery when records were known of in August but discovery not sought until December, after relevant motions had been filed and argued); see also Turnage v. General Electric Co., 953 F.2d 206, 208-09 (5th Cir.1992) (finding no abuse of discretion and upholding the denial of a discovery motion because requesting party had failed to make the request until trial was imminent and the discovery deadline was impending).

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion to Compel (Docket No. 171) is denied.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

3