UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CERTAIN SYNDICATE SUBSCRIBERS
TO THE DOWN SIDE**, *et al.*,

      Plaintiffs,

**vs.**                                                                                      **CIV 08-220 MCA/DJS**

**LASKO PRODUCTS, INC.**, *et al.*,

      Defendants.

## ORDER

    **THIS MATTER** comes before the Court upon Plaintiffs' Emergency Motion to Expedite Order to Permit Inspection of Tangible Exhibits filed November 12, 2009 (Docket No. 209). By this motion, Plaintiff's and Plaintiffs in Intervention seek an order permitting inspection of Lasko box fans and fan motors which were exhibits during the deposition of Defendant's expert, Donald Hoffman. That deposition was taken on April 24, 2009.

    Defendant contends that Plaintiff's request is untimely, as discovery in this matter closed on May 27, 2009. Plaintiffs contend that inspection pursuant to Fed.R.Civ.P. 30(f)(2)(A)(ii) is not limited by time and that they ought to be permitted to inspect the deposition exhibits prior to trial.

    This case in a suit for damages arising from a fire within a stallion barn on June 6, 2006 in Hondo, New Mexico. A number of stallions died in the fire. Plaintiffs are individuals with ownership interests in breeding stallions, individuals who owned the barn which burned, and insuring subrogees of certain stallion subscribers and owners. Plaintiffs assert that the fire was caused by an electrical failure and/or a defect in the motor of an electric fan manufactured by

Defendant Lasko Products, Inc., and used in the barn. Plaintiffs assert claims for products liability, breach of implied warranty of merchantability, and negligence. Defendant denies Plaintiff's claims.

Although the period for conducting discovery has long been closed, the Court finds nothing inappropriate in Plaintiffs' request to have their experts allowed to inspect the exhibits, already attached to a deposition taken during discovery, prior to trial. Such inspection may be necessary for the experts' trial testimony. Defendant raises the concern that Plaintiffs may seek to amend their expert reports based upon the inspection. While Plaintiffs' experts can revise their reports, attempts to do so following a last-minute inspection of exhibits would appear to be an attempt to create open ended discovery. Nonetheless, that is not what is requested by Plaintiffs' motion and Defendants point to no time limitation for the inspection of exhibits already disclosed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion to Expedite Order to Permit Inspection of Tangible Exhibits is granted. Defendant shall permit the inspection of the tangible exhibits identified during the deposition of it's expert Donald Hoffman by Plaintiffs' experts, such inspection to be undertaken within twenty days of the entry of this order.

                                                  **DON J. SVET**
                                        **UNITED STATES MAGISTRATE JUDGE**